PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

## Petition for Warrant for Offender Under Supervision

Name of Offender: <u>Christopher Andrew West</u>　　Case Number: <u>3:11-00191-01</u>

Name of Sentencing Judicial Officer: <u>Honorable William J. Haynes, Jr., Chief U.S. District Judge</u>

Date of Original Sentence: <u>June 8, 2012</u>

Original Offense: <u>18 U.S.C. § 473, Sale of Counterfeit Federal Reserve Notes</u>

Original Sentence: <u>12 months' and one day custody and one year supervised release</u>

Type of Supervision: <u>Supervised release</u>　　Date Supervision Commenced: <u>March 7, 2014</u>

Assistant U.S. Attorney: <u>Sandra Moses</u>　　Defense Attorney: <u>Caryll S. Alpert</u>

---

### PETITIONING THE COURT

　　☐　To issue a Summons.
　**X**　To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☒ The Issuance of a Warrant:
　　☐ Sealed Pending Warrant Execution
　　　　(cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

Considered this 28th day of May, 2014, and made a part of the records in the above case.

_William J. Haynes, Jr._
Chief U.S. District Judge

_Amanda Michele_
Amanda Michele
U.S. Probation Officer

Place　Nashville, TN

Date　May 27, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

**Violation No.   Nature of Noncompliance**

**1.**     <u>**The defendant shall refrain from any unlawful use of a controlled substance.**</u>

On April 11, 2014, Mr. West tested positive for cocaine. When questioned by the probation officer, he initially denied using the illegal drug. After further questioning, Mr. West admitted to "snorting" cocaine approximately ten days prior, but could not remember the exact day. The probation officer informed Mr. West that specific cocaine use should not still be in his system, he would have had to used the drug two to three days prior to the drug test. He denied using more recently and would only admit to using ten days prior. On April 15, 2014, the probation office received laboratory results confirming the positive result for cocaine.

**2.**     <u>**The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**</u>

On April 2, 2014, the probation officer was contacted by Mr. West's roommate, who reported that Mr. West had moved out the prior day, because he was unable to pay his rent. The probation officer attempted to contact Mr. West by telephone, and through his employer, between the time period of April 2, 2014, and April 9, 2014, and was unsuccessful. On April 10, 2014, the probation officer was able to reach Mr. West by telephone and instructed him to report to the Nashville office, the following morning.

On April 11, 2014, Mr. West reported to the probation office and informed the probation officer that he had, in fact, moved from his previous address and had been staying down the street at his brother's house. He could provide no explanation as to why he did not notify the probation officer of his change in residence. Mr. West reported he moved to The New Attitude halfway house in Madison, Tennessee, on April 10, 2014.

On April 28, 2014, the probation officer was contacted by the house manager at The New Attitude halfway house, Sheila Shelton. She advised that Mr. West had not stayed at their facility since April 26, 2014, and she was discharging him from the facility, effective April 28, 214. Ms. Shelton advised that Mr. West was fully aware of the house rules when he entered their facility on April 10, 2014, and has not complied with their rules and regulations. The probation officer inquired if Ms. Shelton knew where Mr. West might have moved to and she advised she did not know that information.

**3.**     <u>**The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**</u>

Mr. West has failed to submit his monthly report for the months of March and April, both due by the fifth day of the following month.

Since Mr. West's discharge from The New Attitude halfway house on April 28, 2014, the probation officer has made numerous attempts to contact and/or locate Mr. West. All attempts have been unsuccessful.

**Compliance with Supervision Conditions and Prior Interventions:**
Christopher Andrew West began his one-year-term of supervised release on March 7, 2014, and is due to terminate supervision on March 6, 2015. He is unemployed and his last known address was in Madison, Tennessee, at a transitional living facility.

Due to his admission to using cocaine and mental health history, as noted in the presentence investigation report, the probation officer informed Mr. West she intended to petition the Court to add the special conditions of substance abuse and mental health treatment and ongoing drug testing. He was re-instructed to not use any illegal drugs and to notify the probation officer at least ten days prior to any change in residence or employment.

A petition was submitted to the Court on April 21, 2014, requesting modification of his special conditions to add drug testing, substance abuse treatment, and mental health treatment. The Court ordered the matter be set for a hearing on May 23, 2014. The hearing has been continued several times and is currently set for June 9, 2014.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
Given that his current status and location are unknown, Mr. West is considered to be an absconder and it is respectfully recommended that a warrant be issued, so that he may appear before the Court to answer to the violation behavior outlined above. This matter has been reported to Assistant U.S. Attorney Sandra Moses, who concurs with the recommendation.

Approved: _[signature]_
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. CHRISTOPHER ANDREW WEST, CASE NO. 3:11-00191-01

**GRADE OF VIOLATION:**   C  
**CRIMINAL HISTORY:**     V

**ORIGINAL OFFENSE DATE:**   POST APRIL 30, 2003    PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) *18 U.S.C. § 3583(e)(3)* | 7-13 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment *18 U.S.C. § 3583(h)* | 1-3 years *U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

18 U.S.C. § 3583(e)(3) The Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

Amanda Michele  
U.S. Probation Officer

Approved: _____  
Britton Shelton  
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Christopher Andrew West

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:11CR00191 - 1

3. **District/Office** Middle District of Tennessee - Nashville

4. **Original Sentence Date** 6 / 8 / 2012
                                   month   day   year

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall refrain from any nlawful use of a controlled substance. | C |
| Shall notify the probation officer at least ten days prior to any change in residence or employment. | C |
| Shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    **C**

9. **Criminal History Category** *(see §7B1.4(a))*    **V**

10. **Range of Imprisonment** *(see §7B1.4(a))*    **7 - 13 months**

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Christopher Andrew West

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____   Community Confinement _____

    Fine($) _____   Home Detention _____

    Other  $100 special assessment   Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**
    List aggravating and mitigating factors that may warrant a
    sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002